## SUPREME COURT.

WILLIS agt. UNDERHILL.

*Held*, that a *husband* is a competent witness to prove a *marriage* (where the wife sues alone for her separate property).

That a *feme covert* can take a gift or assignment of a *debt*, as well as of other personal property, and hold the same " to her sole and separate use, &c. in like manner and with the like effect as if she were unmarried."

That in an action concerning her separate property, she is not bound to join her husband but may sue *alone*.

That she must, however, have a *next friend*, although she sues alone.

That the objection may be taken at any stage of the suit, but the court may, in its discretion, allow an appointment of a next friend *nunc pro tunc*.

That an *admission* of a fact alleged in an answer by failure to reply, authorizes the court to disregard a report of referee or the verdict of a jury found to the contrary of such allegation; but a reply may be allowed *nunc pro tunc*.

Where a demand is transferred merely for the purpose of making the assignor a witness to prove it, the defendant should be allowed to become a witness on the opposite side.

*New York Special Term, January* 1851. Action for balance of account for work and labor alleged to have been done for defendant by one Rumming, and by him assigned to plaintiff. Defence, first, that no debt was ever due; secondly, if due, that it had been paid; and, thirdly, that at all events, it did not belong to the plaintiff. It was alleged, also, that plaintiff was a married woman, suing without her husband, and without a duly appointed next friend to be responsible for costs in the event of failure.

The referee had made a general report in favor of plaintiff, which defendant moved to set aside, and to dismiss the complaint with costs.

D. W. CLARKE, *for Plaintiff.*

J. J. RADCLIFFE, *for Defendant.*

ROOSEVELT, Justice—held that a husband was a competent witness to prove a marriage.

2d. That the marriage in this case was abundantly proved, even without his testimony.

Willis agt. Underhill.

3d. That the plaintiff, although married, was competent to take a gift or assignment of a debt, as well as of any other " personal property," and to hold the same " to her sole and separate use, &c., in like manner, and with the like effect as if she were unmarried." This is the express language of the statute of 1849.

4th. That as " the action concerned her separate property," she was not bound to join her husband, but by the express terms of the Code (§ 114), was authorized at her option, to " sue alone."

5th. That (under the late decisions), although she may sue alone, that is, without her husband, she can not sue without a next friend—*dubitatur*.

6th. That the objection may be taken at any stage of the suit; but the court at any stage of the suit may, in its discretion, and upon terms, allow an appointment to be made *nunc pro tunc*.

7th. That the objection arising out of the omission of the plaintiff to reply to the defendant's allegation of payment, made in his answer, is an admission of such allegation also in every stage of the suit, and is sufficient ground for disregarding either the report of a referee or the verdict of a jury to the contrary. But this omission too may in like manner be supplied *nunc pro tunc*.

8th. But as one party has had the benefit of the testimony of the original creditor, who probably, as the evidence very strongly indicates, made the transfer merely for the purpose of becoming a witness, it is just and equitable that the other party, according to the recent amendment of the Code (§ 399), should have the like privilege.

The court, therefore, must give judgment for the defendant, notwithstanding the report of the referee, unless the plaintiff procures the appointment of a next friend, and puts in a reply to the plea of payment, *nunc pro tunc*, and consents that the case be referred back to the referee to take the testimony of the defendant as a witness, and make a further report upon a review of the whole issue.